IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK BLACKMAN, et al.,

    Plaintiffs,

v.                                             Case No. 3:11cv146/LAC

MIDWEST ENVIRONMENTAL RESOURCES,
INC., et al.

    Defendants.
_____/

**ORDER REGARDING SETTLEMENT**

This matter comes before the Court on a Joint Motion for Approval of FLSA Settlement and Award of Attorneys' Fees (Doc. 352) filed by all Plaintiffs and Defendants Golden Professional Solutions, Inc., and Global Employment Services, Inc. (hereinafter the "Parties").  A copy of the Settlement Agreement has also been submitted.

Since this cause arises under the Fair Labor Standards Act, the settlement may not take effect until the Court has approved the terms of the settlement as fair and reasonable. *See, e.g., Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

Having duly considered the documentation submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of this Lawsuit and over the parties;

2. The Settlement Agreement is fair, reasonable and adequate; and

3. Plaintiffs' request for Fees and Costs is reasonable.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED:**

4. The Joint Motion for Approval of FLSA Settlement and Award of Attorneys' Fees (Doc. 352) is **GRANTED**;

5. The Settlement Agreement between the Parties is approved, and the Parties shall implement it pursuant to its terms;

6. The Court hereby dismisses with prejudice this Lawsuit against Defendants Golden Professional Solutions, Inc., and Global Employment Services, Inc., all claims contained therein against Golden Professional Solutions, Inc., and Global Employment Services, Inc. and all released claims against Golden Professional Solutions, Inc., and Global Employment Services, Inc. and, in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, finds that there is no just reason for delay and Orders the entry of a Final Judgment against Defendants Golden Professional Solutions, Inc., and Global Employment Services, Inc.;

7. This Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement;

8.      The Plaintiffs' request for attorneys' fees and costs as set forth in the Settlement Agreement is hereby approved as reasonable and, except as provided in the Settlement Agreement, the Parties are to otherwise bear their own attorneys' fees and costs; and

9.      This Court bars and permanently enjoins all Plaintiffs against Defendants Golden Professional Solutions, Inc., and Global Employment Services, Inc., for liability based upon the released claims.

**ORDERED** on this 19th day of July, 2013.

*s/ L.A. Collier*
Lacey A. Collier
Senior United States District Judge